Evans D. Prieston
James W. Brody
Tracy L. Henderson
AMERICAN MORTGAGE LAW GROUP
75 Rowland Way, Suite 350
Novato, CA 94945
Tel: (415) 878.0030
Fax: (415) 878.0035
thenderson@americanmlg.com

Derek L. Wright
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
Tel: (212) 682.7474
Fax: (212) 687.2329
dlwright@foley.com

*Counsel for Appellant LHM Financial Corporation*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LHM FINANCIAL CORPORATION,<br><br>Appellant,<br><br>v.<br><br>LEHMAN BROTHERS HOLDINGS, INC.,<br><br>Appellee. | 1:15-cv-04061-WHP<br><br>On Appeal from the United States Bankruptcy Court for the Southern District of New York, Honorable Shelley C. Chapman, Adv. Pro. No. 14-02393 |

**LHM FINANCIAL CORPORATION'S REPLY TO LEHMAN BROTHERS HOLDINGS, INC.'S OPPOSITION TO MOTION FOR LEAVE TO APPEAL ORDER AND MEMORANDUM DECISION DENYING MOTION TO DISMISS**

# TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................... 1

II. THE ISSUE PRESENTED IS A PURE QUESTION OF LAW RIPE FOR REVIEW....2

III. THE SECOND PRONG, THAT THERE EXISTS A SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION, IS AMPLY SATISFIED HERE ............................................ 4

IV. A RESOLUTION OF THE ISSUE ON APPEAL WILL MATERIALLY ADVANCE THE TERMINATION OF THIS ADVERSARY PROCEEDING............................................9

V. EXCEPTIONAL CIRCUMSTANCES WARRANT IMMEDIATE APPEAL OF THE BANKRUPTCY COURT'S ORDER.........................................................................9

VI. CONCLUSION...........................................................................................10

## Cases

*Ace Securities Corp. v. DB Structured Products, Inc.*
2015 WL 3616244 (N.Y. June 11, 2015)........1, 6, 7, 8

ACE Securities Corp., Home Equity Loan Trust, Series 2006–SL2........6

*Capital Records*
972 F. Supp. 2d at 553-54........10

*Capitol Records, LLC v. Vimeo, LLC*
972 F. Supp. 2d 537, 551 (S.D.N.Y. 2013)........4, 9

*Deutsche Alt-A Sec. Mortgage Loan Trust, Series 2006-OA1 v. DB Structured Products,* Inc.
958 F. Supp. 2d 488, 499, 501 (S.D.N.Y. 2013)........5, 7, 8

*Ely-Cruikshank Co. v. Bank of Montreal*
81 N.Y.2d 399, 402 (1993)........8

*Hahn Automotive Warehouse, Inc. v. American Zurich Ins. Co.*
18 N.Y.3d 765, 745 (2012)........6

*Homeowners' Loan Corp. v. Huffman*
134 F.2d 314, 316 (8th Cir. 1943)........4

*Hooper Associates, Ltd. v. AGS Computers, Inc.*
74 N.Y.2d 487 (1989)........8

*In re Aquatic Development Group, Inc.*
196 B.R. 666, 668 (N.D.N.Y. 1996)........3, 4

*In re Enron Corp.*
2006 WL 2548592 (S.D.N.Y. Sept. 5, 2006)........10

*In re Hotel Syracuse*
1991 WL 274253, *7 (N.D.N.Y. Dec. 19, 1991)........3

*In re R. Carl Chandler*
66 B.R. 334, 336 (N.D. Ga. 1986)........3, 4

*John J. Kassner & Co. v. City of N.Y.*
46 N.Y. 2d 544, 551 (1979)........8

*Lehman Bros. Holding, Inc. v. Universal American Mortgage Co., LLC*
2014 WL 4269118, *3-4 (D. Colo. August 28, 2014)........5, 6, 8

*Lehman XS Trust, Series 2006-4N ex rel. U.S. Bank Nat. Ass'n v. Greenpoint Mortgage Funding, Inc.*
991 F. Supp. 2d 472, 478 (S.D.N.Y. 2014)........5

*McDermott v. City of New York*
50 N.Y.2d 211 ....................................................................................................................5

*Nomura Asset Acceptance Corp. Alternative Loan Trust, Series 2005-S4 ex rel. HSBC Bank USA, Nat. Ass'n v. Nomura Credit & Capital, Inc.*
39 Misc. 3d 1226(A), *8-9, 971 N.Y.S.2d 73 (Sup. Ct. 2013)..................................................................7

*Republic of Columbia v. Diageo North America Inc.*
619 F. Supp. 2d 7, 9 (E.D. N.Y. 2007).........................................................................................9, 10

*SPL Shipping Ltd. v. Gujarat Cheminex Ltd.*
2007 WL 1119753, *2 (S.D.N.Y. Apr. 12, 2007).......................................................................................8

*SunTrust Mortg., Inc. v. Am. Pac. Home Funding, LLC*
2012 WL 6561728, *4 (E.D.Va. Dec. 14, 2012)..........................................................................................8

*Transp. Workers Union of Am. v. N.Y.C. Transit Auth.*
358 F. Supp. 2d 347, 353 (S.D.N.Y. 2005).............................................................................................10

## Statutes

28 U.S.C. § 1292(b) ..................................................................................................................1, 9, 10

28 U.S.C. 157(c)(1) .....................................................................................................................4, 10

## Rules

Fed. R. Civ. P. 12(b)(6) ...................................................................................................................3

## I. INTRODUCTION

Appellee Lehman Brothers Holding, Inc.'s ("LBHI") chief response to the instant motion – which it chants like a mantra – is that this Court's May 12, 2015 order[1] ("May 12 Order") denying Appellant LHM Financial Corporation's ("LHM") motion for withdrawal of the bankruptcy reference (the "Motion to Withdraw") stands in the way of immediate review. It somehow requires LHM to wait, interminably, until LBHI's thousands of claims against originators have been entertained by the Bankruptcy Court and are ready for *de novo* review by this Court. As explained below, however, LBHI misinterprets the May 12 Order that merely denied the Motion to Withdraw, without prejudice, and as premature, yet anticipated this adversary proceeding would be revisited when, as now, a dispositive order was made for which the Bankruptcy Court cannot enter a final order.

While immediate review of an interlocutory order is granted sparingly, this is an instance in which it is warranted. As explained in LHM's Motion for Leave to Appeal (the "Motion") and as amplified here, the three prongs of 28 U.S.C. § 1292(b) ("Section 1292(b)") are met and exceptional circumstances exist that justify immediate review of the Bankruptcy Court's Order[2] and the LHM Memorandum Decision. Notably, since the Motion for leave was filed, LHM's arguments, especially as they concern the second prong, have grown even more persuasive based on the reasoning in the recent decision of the New York Court of Appeals, *Ace Securities Corp. v. DB Structured Products, Inc.*, 2015 WL 3616244 (N.Y. June 11, 2015). *Ace* adds a decision of the highest court of New York State to the already long list of decisions that conflict with the U.S. District Court of Colorado authority on which the Bankruptcy Court relied in reaching its ruling. *Ace* also casts substantial doubt as to whether the Bankruptcy Court's order correctly decided that a self-styled claim for contractual indemnity, that derives from and depends on

[1] Docket 16 in Case 15 Civ 300 adopting February 25, 2015 opinion in Docket 14 Case 15 Civ 304

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion for Leave.

alleged breaches of representations and warranties ("R & W"), constitutes a cognizable claim not barred by the statute of limitations and is not just in fact a remedy.

Further, the circumstances of the underlying adversary proceeding exemplify the exceptional circumstances that justify immediate review. Most notably, immediate review of this dispositive issue may promote judicial efficiency by averting costly and protracted litigation in the Bankruptcy Court. LBHI has expressed its intention to initiate more than 3,000 adversary proceedings based on contractual indemnification if the mediations ordered by the Bankruptcy Court fail. Immediate review and reversal of the Order will avert those claims entirely especially since mediations conducted thus far by LHM's counsel in other matters have been unsuccessful.

## II. THE ISSUE PRESENTED IS A PURE QUESTION OF LAW RIPE FOR REVIEW

LBHI concedes that the issue presented for review may be a pure question of law, but argues that it is a question of law "entrusted to the Bankruptcy Court." Opp. p. 9.[3] LBHI's sole basis for making this assertion is the May 12 Order that requires all of the legal issues raised in the adversary proceeding to remain exclusively with the Bankruptcy Court "until later stages when this Court could conduct a de novo review of the Bankruptcy Court's findings as to" the thousands of potential actions seeking contractual indemnity that LBHI may bring.

LBHI mischaracterizes the May 12 Order. The May 12 Order denied the Motion to Withdraw without prejudice and on the ground that it was premature during the initial stage of the adversary proceeding. This Court acknowledged in the May 12 Order that, at a later stage when the Bankruptcy Court takes action that is potentially dispositive, it would revisit the proceeding and rule and enter final judgment on the claim as the Bankruptcy Court cannot. That time has now arrived. The Bankruptcy Court's Order decided a dispositive issue that LBHI sought in the adversary proceeding, *i.e.*, that LBHI's purported contractual indemnity claim

[3] "Opp." refers to the Memorandum of Lehman Brothers Holdings Inc. in Opposition to LHM Mortgage Company's Motion for Leave to Appeal Order and memorandum Decision Denying Motion to Dismiss [Dkt. No. 8].

against LHM is not time-barred. Thus, the time is ripe for the Court to undertake an independent review of the Bankruptcy Court's ruling on the dispositive legal question raised.

Moreover, irrespective of how the May 12 Order is read, LBHI miscomprehends the meaning of "entrusted to the discretion of the bankruptcy court." This factor requires that the determination of the legal issue, of which LHM seeks review, fall within the sound judicial discretion of the Bankruptcy Court, which it does not. For example, in *In re Aquatic Development Group, Inc.*, 196 B.R. 666, 668 (N.D.N.Y. 1996), an adversary proceeding alleging claims for breach of agreements, and the sole authority on which LBHI relies, the basis of the defendant's Fed. R. Civ. P. 12(b)(6) motion to dismiss was that the debtor failed to list its causes of action, the underlying contracts, and contract rights in the schedules of assets filed in its Chapter 11 proceeding. This omission, the defendant argued, barred the adversary proceeding because the debtor's plan of reorganization was confirmed without including these assets, which deprived the debtor of title to them and the capacity to sue. *Id.* The bankruptcy court denied the motion on the ground that the debtor's case was not closed, had a statutory right to amend its schedules to include its claims, and equity dictated continuance on the merits. *Id.* Denying the defendant's motion for leave to appeal the interlocutory order denying his motion to dismiss, the district court held that the matter raised in the motion to dismiss was "entrusted to the discretion of the bankruptcy judge" because the motion was *based wholly upon the rules governing Chapter 11 proceedings, the application of which was within the sound discretion of the bankruptcy court*. *Id.* at 670-71 (emphasis added). [4]

Contrary to *Aquatic* and *Chandler*, the question central to LHM's motion to dismiss, and

[4] The district court contrasted the facts before it to *In re Hotel Syracuse*, 1991 WL 274253, *7 (N.D.N.Y. Dec. 19, 1991), where that court found that the determination of whether a party timely objected to a subpoena under Fed. R. Civ. P. 45(d)(1) was not discretionary. Similarly, in *In re R. Carl Chandler*, 66 B.R. 334, 336 (N.D. Ga. 1986), a Chapter 11 debtor sought leave to appeal the bankruptcy court's interlocutory order. The district court, in denying leave, held that the order concerned "matters that are entrusted to the discretion of the [bankruptcy] court" and, thus, did not involve a "controlling question of law" because the waiver of a debtor's appearance at a creditors meeting is clearly a matter within the bankruptcy court's discretion. *Id.*

for which LHM seeks appellate review, does not involve a purely bankruptcy rule and is *not* within the sound discretion of the Bankruptcy Court. That question is a pure question of law that the Bankruptcy Court was required to adjudicate by applying governing legal precedent, pursuant to the doctrine of stare decisis. It did not present a discretionary matter to which no strict rule of law applied and that was controlled by the Bankruptcy Court's personal judgment based on the peculiar circumstances of this case. As one Circuit Court defined "judicial discretion," it is "[t]he power exercised by courts to determine questions to which no strict rule of law is applicable but which, from their nature, and the circumstances of the case, are controlled by the personal judgment of the court." *Homeowners' Loan Corp. v. Huffman*, 134 F.2d 314, 316 (8th Cir. 1943).[5]

## III. THE SECOND PRONG, THAT THERE EXISTS A SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION, IS AMPLY SATISFIED HERE

The second prong of Section 1292(b)'s test, that there exists a substantial ground for difference of opinion, is met here because there is conflicting authority on the legal question for which LHM seeks review[6]. That question is not, as LBHI represents, a garden-variety question of contract construction, the determination of which turned solely on settled tenets of contract construction. In fact, the very question of whether the terms of the Seller's Guide can be construed to create a distinct claim for contractual indemnity subject to its own accrual rule has been addressed by other courts and decided in a manner at loggerheads with the Bankruptcy Court's order. See, e.g., *Lehman Bros. Holding, Inc. v. Universal American Mortgage Co., LLC*,

[5] This conclusion is also compelled by the fact that the Bankruptcy Court had no power, much less the discretion, to reach a binding determination of the legal question raised by LHM's motion to dismiss. A binding determination would be tantamount to a final order on the claim and outside the power vested in the Bankruptcy Court by 28 U.S.C. 157(c)(1). That statutory provision precludes the Bankruptcy Court from rendering a final order or judgment on such a non-core claim and permits it only to submit proposed findings of fact and conclusions of law to the district court. *Id.* Here the Bankruptcy Court was given the opportunity to rule on the motion, ruled, and now LHM seeks leave to exercise its statutory right to review.-

[6] *Capitol Records, LLC v. Vimeo, LLC*, 972 F. Supp. 2d 537, 551 (S.D.N.Y. 2013) (second prong met where the issue was one of first impression in the Second Circuit and there were two conflicting decisions of lower tribunals on the issue).

2014 WL 4269118, *3-4 (D. Colo. August 28, 2014) ("*Universal IV*").[7] Moreover, on June 11, 2015, the highest court in New York State, decided *Ace Securities Corp. v. DB Structured Products, Inc.*, 2015 WL 3616244, a well reasoned opinion based on analogous facts that undermines the analytical underpinning of the Bankruptcy Court's Order.

In *Universal IV*, 2014 WL 4269118 at *1, LBHI brought an action against a loan originator alleging that it breached R & W in the parties' loan purchase agreement ("LPA") for separate, self-styled claims for contractual indemnity and refusal to repurchase the allegedly defective loan sold to LBB, LBHI's assignor. The parties' agreement, which created the right to contractual indemnity that LBHI sought to enforce, consisted of an LPA and the Seller's Guide at issue in the instant action. *Id.* The question before the district court was when and where LBHI's claims accrued. *Id.* at *3-4. The defendant contended that LBHI's claims, regardless how fashioned, constituted a single claim for "economic injury[7]" resulting from an alleged breach of contract, which accrued when the defendant originally sold the allegedly defective loan to LBB. *Id.* at *3. LBHI contended that its purported claim for contractual indemnity was a separate claim that accrued on the date it paid a third pay, Freddie Mac. *Id.*[8]

The district court, applying New York law, rejected LBHI's argument and held that LBHI's only claim was one for breach of contract arising from the defendant's alleged breaches of the R & W in the parties' agreement. *Id.* Making the point crystal clear the Court explicitly stated that:

"[d]efendant's alleged failure to repurchase the Storemski Loan and *to indemnify it*

[7] *Lehman XS Trust, Series 2006-4N ex rel. U.S. Bank Nat. Ass'n v. Greenpoint Mortgage Funding, Inc.*, 991 F. Supp. 2d 472, 478 (S.D.N.Y. 2014)(parties may not contractually adopt an accrual provision that effectively extends the statute of limitations); *Deutsche Alt-A Sec. Mortgage Loan Trust, Series 2006-OA1 v. DB Structured Products,* Inc., 958 F. Supp. 2d 488, 499, 501 (S.D.N.Y. 2013).

[8] Like here, in *Universal IV,* LBHI relied on *McDermott v. City of New York*, 50 N.Y.2d 211 (1980), for the proposition that a claim for contractual indemnity accrues only on the date of a payment to the third party. *Universal IV*, 2014 WL 4269118 at *3.

> *[LBHI] for its losses from its payment to Freddie Mac are merely pre-suit contractual remedies.*" *Id.* "[t]he existence of such remedies does not convert this claim for breach of contractual R & Ws into one for indemnification." *Id.*

Given the special fact that the agreement was governed by the same Seller's Guide that the Bankruptcy Court construed in deciding LHM's motion to dismiss, *Universal IV* cannot be dismissed as inapposite merely because it does not explicitly mention section 711.[9]

*Ace Securities Corp. v. DB Structured Products, Inc.*, 2015 WL 3616244, is another decision that cannot be reconciled with the interpretation of section 711 as creating a distinct claim for contractual indemnity subject to its own accrual rule. In *Ace*, ACE Securities Corp., Home Equity Loan Trust, Series 2006–SL2 ("Trust") sued the defendant alleging a claim for breach of contractual R & W and a separate claim for defendant's refusal to repurchase allegedly defective mortgage loans. The defendant brought a motion to dismiss the complaint as untimely. The trial court denied the motion, the appellate division reversed and granted the motion, and the Trust appealed the decision to the New York Court of Appeals.

The New York Court of Appeals affirmed the decision of the appellate division, rejecting the Trust's argument that its claim for the defendant's breach of its repurchase obligation did not arise until the defendant refused to repurchase. The Court prefaced its analysis by emphasizing the need for a "bright line approach" to determining when a limitations period accrues, even when such an approach would be "harsh and manifestly unfair." As the Court stated: ". . . we have repeatedly 'rejected accrual dates which cannot be ascertained with any degree of certainty, in favor of a bright line approach'. . . (citation omitted)." The Court also reiterated the general principal that it previously expressed in *Hahn Automotive Warehouse, Inc. v. American Zurich Ins. Co.*, 18 N.Y.3d 765, 745 (2012), that where a claim is for payment of a sum of money

---

[9] Indeed, *Universal IV* decided, in direct conflict with the Bankruptcy Court's order, that LBHI's purported claim for contractual indemnity, which arose from the provisions of the Sellers Guide, was nothing more than a remedy artfully and impermissibly pled as a claim for relief.

allegedly owed pursuant to a contract, the cause of action accrues when the claimant first possesses a legal right to demand payment. The Court then held that the contractual repurchase obligation did not constitute a promise to undertake a separate obligation, the breach of which would not arise until a future date and would trigger the applicable limitations period anew. That obligation was merely a remedy for the defendant's breach of its R & W. "DBSP's cure or repurchase obligation …was dependent on, and indeed *derivative of, DBSP's representations and warranties*, which did not survive the closing and were breached, if at all, on that date." (Emphasis added.) The Court further explained its reasoning by stating:

> The cure or repurchase obligation is an alternative remedy [to bringing an action for breach of representations and warranties], or recourse, for the Trust, but the underlying act the Trust complains of is the same: the quality of the loans and their conformity with the representations and warranties. The Trust argues, in effect, that the cure or repurchase obligation transformed a standard breach of contract remedy, i.e. damages, into one that lasted for the life of the investment—decades past the statutory period. But nothing in the parties' agreement evidences such an intent. Historically, we have been "extremely reluctant to interpret an agreement as impliedly stating something which the parties have neglected to specifically include . . . [C]ourts may not by construction add or excise terms, nor distort the meanings of those used and thereby make a new contract for the parties under the guise of interpreting the writing" [citation omitted].

The *Ace* decision does not stand alone in taking this position. It follows on the heels of many lower court decisions both in the Second Circuit and New York that reached the same conclusion based on similar reasoning[10]. While the purported claim alleged in *Ace* was one for breach of a contractual repurchase obligation, not for contractual indemnity, this is a distinction without a meaning here. Just as in *Ace*, LHM's contractual R & W did not survive the closing date of the parties' agreement and the right to indemnity LBHI seeks to enforce here is dependent on, "derivative of", and directly tied to LHM's contractual R & Ws. LBHI's claim,

[10] See, e.g. *Deutsche Alt-A Securities Mortg. Loan Trust, Series 2006-OA1, supra,*, 499 (S.D.N.Y. 2013) ("New York law . . . does not recognize pre-suit remedial provisions as constituting separate promises which can serve as the basis for independent causes of action.) *Nomura Asset Acceptance Corp. Alternative Loan Trust, Series 2005-S4 ex rel. HSBC Bank USA, Nat. Ass'n v. Nomura Credit & Capital, Inc.*, 39 Misc. 3d 1226(A), *8-9, 971 N.Y.S.2d 73 (Sup. Ct. 2013) (construing contractual repurchase obligation as a mere remedy because "[i]t is not a duty independent of the [plaintiff's] Mortgage Representation breach of contract claims"; "[t]o find otherwise would allow [plaintiff] to essentially circumvent the statute of limitations by indefinitely deferring its demand for payment").

regardless what it is called, is one for money[11] allegedly owed on the parties' loan purchase agreement arising from LHM's alleged breaches of R & W concerning the quality of the loans it sold to LBB. Thus, *Ace's* analysis, LHM's indemnity obligation could not, as a matter of law, be reasonably construed as constituting a distinct promise of future performance triggering the limitations period anew subject to its own accrual rule[12].

Moreover, the Bankruptcy Court ignored the fundamental tenet of contract construction, which *Ace* deemed determinative, that courts must exercise extreme reluctance in interpreting a contract as impliedly stating something that the parties neglected to expressly state.[13] Indeed, the Bankruptcy Court did precisely what *Ace* admonished against. It construed section 711 as potentially delaying the accrual of LBHI's claim against LHM in perpetuity in the absence of any language in the parties' agreement explicitly expressing such an intention *and* in contravention of the "bright line approach" that *Ace* explicitly adopted. Indeed, there is substantial doubt that the Bankruptcy Court's order was on the right side of this divide.[14] The Bankruptcy Court relied principally on Judge Brimmer's decision in *Lehman Bros. Holdings Inc. v. Universal Am. Mortg. Co.*, 2014 WL 5069409, *1 (D. Colo. Oct. 9, 2014) ("*Universal V*"). However, Judge Brimmer's interpretation of section 711—that it creates a separate claim for contractual indemnity, not merely a remedy, for purposes of the statute of limitations—does not pass muster under *Ace* for the reasons stated above.[15] Contrary to LBHI's representations, there is substantial conflicting authority on the issue for which LHM seeks review, including a

---

[11] *Deutsche Alt-A Sec. Mortgage Loan Trust, Series 2006-OA1, supra,*, 501 (S.D.N.Y. 2013).

[12] The Bankruptcy Court's analysis clearly locks horns with this analysis and the public policy behind New York's statute of repose since it led to a ruling that section 711 created an independent promise to perform, the breach of which would arise at a future time. *John J. Kassner & Co. v. City of N.Y.*, 46 N.Y. 2d 544, 551 (1979). (If the agreement to "waive" or extend the Statute of Limitations is made at the inception of liability it is unenforceable because a party cannot "in advance, make a valid promise that a statute founded in public policy shall be inoperative.); *Ely-Cruikshank Co. v. Bank of Montreal*, 81 N.Y.2d 399, 402 (1993)

[13] *Hooper Associates, Ltd. v. AGS Computers, Inc.*, 74 N.Y.2d 487 (1989) (When a party is under no legal duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty the parties did not intend).

[14] *SPL Shipping Ltd. v. Gujarat Cheminex Ltd.*, 2007 WL 1119753, *2 (S.D.N.Y. Apr. 12, 2007) (for there to be a "substantial ground for difference of opinion" under Section 1292(b), there must be genuine doubt that the district court's order was correct).

[15] LBHI may claim *Universal V* does not run counter to *Ace*. *Universal V* was guided by Virginia law, which is inapplicable here. *Universal V*, 2014 WL 5069409 at *3, citing *SunTrust Mortg., Inc. v. Am. Pac. Home Funding, LLC*, 2012 WL 6561728, *4 (E.D.Va. Dec. 14, 2012).

decision by the highest court of New York State, and there is genuine reason to doubt the validity of the Bankruptcy Court's decision. Accordingly, the second prong of the test is amply satisfied.

## IV. A RESOLUTION OF THE ISSUE ON APPEAL WILL MATERIALLY ADVANCE THE TERMINATION OF THIS ADVERSARY PROCEEDING

A "red herring" is the best characterization of LBHI's argument concerning the third prong of Section 1292(b)'s test. The third prong, as applied here, turns on whether immediate review of the Bankruptcy Court's order will materially advance the termination of this adversary proceeding. *Capital Records*, 972 F. Supp. 2d at 554. There is no question that it will. This adversary proceeding will be terminated if the Court entertains this appeal and reverses the Bankruptcy's Court order. Moreover, contrary to LBHI's representations, the thousands of potential other adversary proceedings will be substantially affected by immediate review. If this Court reverses the Bankruptcy Court's order, bankruptcy litigation will be averted and significantly streamlined. Thus, it is in fact manifest that swifter resolution and judicial economy would be promoted by immediate review.

## V. EXCEPTIONAL CIRCUMSTANCES WARRANT IMMEDIATE APPEAL OF THE BANKRUPTCY COURT'S ORDER

Contrary to LBHI's contention, and as set forth in the Motion for Leave, exceptional circumstances exist warranting immediate appeal. Courts have identified various factors to be considered in determining whether there are exceptional circumstances that justify immediate review of an interlocutory order. One factor is whether immediate review might avoid protracted and expensive litigation and, thereby, promote judicial efficiency. *Republic of Columbia v. Diageo North America Inc.*, 619 F. Supp. 2d 7, 9 (E.D. N.Y. 2007). Clearly, this factor is present here since reversal of the Order and a finding that the limitations period applicable to LBHI's purported claim for contractual indemnity has run will avert costly and protracted litigation not only in the present case, but in the potentially thousands of other cases against

similarly situated lenders who sold allegedly defective loans to LBB.[16]

Other factors that district courts consider in exercising their discretion to certify a question for interlocutory are similarly met here. First, the question to be reviewed on appeal is a pure legal question that does not rest on a factual record and would not benefit from further factual development. Second, an interlocutory appeal would not materially delay this adversary proceeding because the proceeding has not been stayed and continues to proceed. Finally, the need for an interlocutory appeal will not be mooted by other issues in the proceeding. *See, generally, Republic,* 619 F. Supp. 2d at 9-10. Indeed, if not at this point this Court will, in short order, be required to undertake a *de novo* review of the Bankruptcy Court's order in this non-core proceeding pursuant to 28 U.S.C. 157(c)(1).[17] Thus, it is clearly in the interest of judicial economy to review this dispositive issue now in this matter involving 3000 potential claims.

## VI. CONCLUSION

For all the foregoing reasons, LHM respectfully requests that this Court exercise its discretion, pursuant to 28 U.S.C. §§ 158(a) and 1292(b), to grant leave to appeal the Bankruptcy Court's order denying LHM's motion to dismiss.

Dated: June 16, 2015

Respectfully submitted,

*/s/ James Brody*
James W. Brody
Evans D. Prieston
Tracy L. Henderson
AMERICAN MORTGAGE LAW GROUP
75 Rowland Way, Suite 350
Novato, CA 94945

---

[16] Moreover, the pendency of LBHI's contractual indemnification claim does not undermine LHM's ability to satisfy the third prong because that prong is satisfied even where an appeal would narrow the litigation and, thereby, save judicial resources. *Capital Records*, 972 F. Supp. 2d at 553-54 (the impact that an appeal will have on other cases is a factor that may be taken into account in deciding whether to accept an appeal); *Transp. Workers Union of Am. v. N.Y.C. Transit Auth.*, 358 F. Supp. 2d 347, 353 (S.D.N.Y. 2005) (certifying interlocutory order for appeal where it would obviate protracted and expensive litigation).

[17] Inexplicably, LBHI cites *In re Enron Corp.*, 2006 WL 2548592 (S.D.N.Y. Sept. 5, 2006), to support its assertion that extraordinary circumstances are not present here. In fact, *Enron* states that where, as here, appellate review might avoid protracted and expensive litigation, extraordinary circumstances exist. *Id.* at *3. Moreover, the district court in *Enron* granted the defendants' and intervenors' motion for leave to appeal the bankruptcy court's interlocutory orders. *Id.* at *8.

Tel: (415) 878-0030
Fax: (415) 878-0035
eprieston@americanmlg.com

and

Derek L. Wright
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
Tel: (212) 338.3539
Fax: (212) 687.2329
dlwright@foley.com
*Counsel for Defendant LHM Mortgage Company*